MotleyRice® LLC
ATTORNEYS AT LAW
www.motleyrice.com
"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000 **f.** 843.216.9450

**Robert T. Haefele**
*Licensed in DC, NJ, NY, PA, SC*
direct: 843.216.9184
rhaefele@motleyrice.com

September 8, 2026

*Via ECF*

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *In re Terrorist Attacks on September 11, 2001*, No. 25-2202(L)

Dear Ms. O'Hagan Wolfe:

We respond to the Kingdom of Saudi Arabia (KSA)'s September 1, 2026 letter citing *Norwich Pharmaceuticals, Inc. v. Kennedy*, No. 25-5137 (D.C. Cir. Aug. 25, 2026). *Norwich* does not change the proximate-cause standard governing JASTA's "caused by" language, nor does it support KSA's "alternative argument" that JASTA requires proof that the acts of KSA and its employees and agents (including Omar Al-Bayoumi and Fahad Al-Thumairy) were "an independently sufficient cause" of the 9/11 attacks.

*Norwich* construed "caused by" in an FDA marketing-exclusivity provision, 21 U.S.C. § 355(j)(5)(D)(i)(IV). Finding no "textual or contextual indications" that a different standard applied, the panel required but-for causation. Slip op. at 19 (cleaned up). It declined to apply the multiple-sufficient-causes exception—which keeps but-for causation from "absolv[ing]" joint wrongdoers, *id.* at 21 (quoting *Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1129 (D.C. Cir. 2004))—because relaxing the causation standard there would have conferred an undeserved "windfall." *Id.* at 22.

As Plaintiffs demonstrated in their principal brief, neither *Kilburn* nor JASTA requires plaintiffs to satisfy the multiple-sufficient-causes exception to but-for causation. *See* PlsBr93–101. *Kilburn* rejected the but-for causation standard that KSA urges. 376 F.3d at 1128–29. The textual and contextual indications missing in *Norwich* are present for FSIA's jurisdictional provisions. Congress enacted JASTA to supply the "broadest possible basis" for relief against foreign states supporting terrorists "directly or indirectly." PlsBr1 (citation omitted). JASTA's legislative history directs courts to cases applying proximate causation and embraces *Kilburn* by name. *See* PlsBr94. And every appellate court to address the causation standard under FSIA's terrorism exceptions—the D.C., Fourth, and Eleventh Circuits (the latter under JASTA itself)—has held that "caused by" in the FSIA's terrorism exceptions requires a showing of proximate cause, not but-for causation. *Id.*

*Norwich* does not hold differently. The panel acknowledged that but-for causation would be "inappropriate" in FSIA terrorism cases because it might enable state sponsors to escape jurisdiction. *Norwich*, slip op. at 21.

Respectfully submitted,

*/s/ Robert T. Haefele*
Robert T. Haefele
Motley Rice, LLC
Counsel for Plaintiffs-Appellees / Cross-Appellants

Sean P. Carter
Cozen O'Connor
Counsel for Plaintiffs-Appellees / Cross-Appellants

Steven R. Pounian
Kreindler & Kreindler
Counsel for Plaintiffs-Appellees

cc: All Counsel of Record (via ECF)

**CERTIFICATE OF COMPLIANCE**

This letter has been prepared using Microsoft Word with a Times New Roman 12-point, proportionally spaced typeface. This letter complies with the length limit in Federal Rule of Appellate Procedure 28(j) because the body of the letter contains no more than 350 words.

Dated: September 8, 2026

/s/ *Robert T. Haefele*
Robert T. Haefele
*Counsel for Plaintiffs-Appellees / Cross-Appellants*